## UNITED STATES v. KELLY.

### Criminal No. 71560.

District Court of the United States for the District of Columbia.

Aug. 3, 1943.

Wendell Berge, Asst. Atty. Gen., Isaiah Matlack, Sp. Asst. to Atty. Gen., and Irving Hill and Edith Lowenstein, Attys., Department of Justice, Edward M. Curran, U. S. Atty., and George E. McNeil, Asst. U. S. Atty., all of Washington, D. C., for the Government.

James V. Hayes, of Washington, D. C., for defendant.

MORRIS, Justice.

I have carefully considered each of the grounds stated in the motion to set aside the verdict and render judgment notwithstanding the verdict, and in the motion for new trial. I have also considered the evidence to which my attention was directed by counsel for both parties in their respective memoranda submitted to me after the

argument on the motions. The grounds group themselves into five general classes: That there is no evidence to support the conclusion that the Spanish Library of Information was a domestic organization within the meaning of the Act; that there is no evidence to support the conclusion that the defendant was an agent, within the meaning of the Act, of the Spanish Library of Information, it being contended that the Foreign Agents' Registration Act, 22 U.S.C.A. § 611 et seq., was directed against the dissemination of propaganda aimed toward establishing in the United States a foreign system of government, or in group action of a nature foreign to our institutions of government, or in other political activities, and was not directed to such activities as were shown to be those of the defendant; the erroneous admission of a large part of evidence received in the case; the erroneous instructions to the jury; the erroneous refusal to grant certain of defendant's requests for instructions; prejudicial remarks of the United States Attorney; and prejudicial evidence, which was stricken.

■■■ I believe, as a matter of law, that there can be a domestic organization, subsidized in whole or in part, directly or indirectly, by a foreign government within the meaning of the Foreign Agents' Registration Act, even though such organization is brought about through the medium of one individual. Where there is concert of action among individuals for furthering the interest of a foreign government, they constitute none the less a domestic organization because they are organized by an agent of that government, sent here to establish such an organization. I do not think the character of the Spanish Library of Information is to be determined solely by its registration certificate as an agent of the Spanish Government. I think there was sufficient evidence upon which the jury could decide that it was the kind of domestic organization defined in the Act.

■■■ There is evidence upon which the jury could conclude that the defendant acted as the agent of the Spanish Library during the period named in the indictment. To say that his writings were not of a character seeking to establish a foreign system of government in the United States, or to secure group action of a nature foreign to our institutions of government, is not enough. Indeed, the Act aimed to prevent those things, but it went further and

sought to bring about a disclosure of the authorship and source of that which appeared in publications and other media of dissemination at the instance of, and particularly when pursuant to compensation paid by, foreign governments, or foreign factions or parties, whether friendly or unfriendly, whether violent or mild.

It is useless for me to restate the reasons stated at the trial why I do not consider the admission of the evidence complained of to be erroneous when considered in the light of instructions given to the jury respecting such evidence.

Nor do I believe it is necessary now to discuss again the reasons which in my opinion justified the granting of the instructions given, and the refusal to give certain instructions requested by the defendant.

■■ I do not think, in the light of what was said and the action of the Court, taken at the request of defendant's counsel, during the course of the trial, that a new trial shou.d be granted because of the testimony of the witness Decker, or the remarks of government counsel during the argument of the case.

For these reasons, I must overrule the motions.